MICHAEL BAILEY
United States Attorney
District of Arizona
HEATHER SIEGELE
Assistant U.S. Attorney
Arizona State Bar No. 023996
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: heather.siegele@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 20-00336-SHR |
| Plaintiff, | |
| vs. | GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT |
| Dritan Deda, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, hereby submits the following Sentencing Memorandum and Response to Defendant's Objection to the Presentence Report.

**Defendant's Objection:**

The defendant, Dritan Deda, filed an Objection to the Presentence Report contesting the assessment of three criminal history points for his conviction under Michigan case number 02-012867 in paragraph 24. (Doc. 29.) The defendant makes some good points and the government would agree with his analysis except for the clarification by the Michigan Department of Corrections as to how discharge dates were calculated when a defendant was serving multiple indeterminate sentences where some sentences were concurrent and some consecutive. As explained in the addendum to the presentence report (PSR), "when an inmate has consecutive indeterminate sentences the consecutive sentence starts after the inmate has served the minimum term of the underlying offense. However, the underlying

offense does not discharge when the consecutive sentence begins. Instead the inmate must still serve the sentence in the underlying case until he completes the maximum of the indeterminate sentence or is discharged early." (PSR at 16.) So while the defendant was sentenced to an indeterminate sentence in 02-012867 with an agreed term of thirteen months, Michigan Department of Corrections did not discharge him on that sentence at the end of the thirteen months.  Instead, he continued to technically be serving that sentence until his overall release to parole on all the indeterminate sentences on February 22, 2005. (PSR ¶¶ 21, 23-25.) This discharge date places the prison sentence for his conviction in 02-012867 within the fifteen year timeframe for the assessment of criminal history points, as calculated in the PSR. (PSR ¶ 24.)

In short, the government concurs with the criminal history calculation in the PSR. However, the government also concedes that but for the technicality in how Michigan Department of Corrections calculated discharge dates, the sentence in 02-012867 would not have counted for criminal history points. Therefore, the government does not oppose a variance by this Court down to the range the defendant has requested in his objection – 24 to 30 months of incarceration. (Doc. 29 at 1.)

**Guideline Calculation:**

The defendant pled guilty to Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326(a) and (b)(1).  The government has reviewed the PSR and has no objection to the guideline calculation of a total offense level of 15 and the defendant's placement in Criminal History Category V.  The plea agreement entered into by the parties provides for an additional two level downward departure for an offense level of 13.  The sentencing range under the plea is therefore 30 to 37 months of incarceration. As noted above, the government does not object to a variance to a range of 24 to 30 months.

**Sentencing Recommendation:**

Having reviewed the findings and recommendations contained in the PSR, the government recommends a term of 24 months of incarceration followed by three years of supervised release.  To the defendant's credit, he remained outside the United States for

almost fifteen years. However, he did ultimately decide to return to the country illegally, and when he was here before, he engaged in multiple felony offenses – primarily breaking and entering related crimes. He was a danger to the community when he was in the country previously and his sentence for the current offense should reflect that fact as well as deterring future illegal reentries. The government's recommended term of incarceration is consistent with the application of the sentencing factors outlined in 18 U.S.C. § 3553(a). It takes into consideration the defendant's characteristics as well as his criminal history and his current offense conduct.

Respectfully submitted this 1st day of Septamber, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/Heather Siegele*

HEATHER SIEGELE
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 1st day of September, 2020, to:

Craig Orent, Esq.
Attorney for Defendant

Eric Nunez
U.S. Probation Officer